**Lin Ru DONG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–3192–AG.**

United States Court of Appeals, Second Circuit.

Dec. 7, 2005.

**400**

John Z. Zhang, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Stephen P. Fahey, Assistant United States Attorney, Dallas, Texas, for Respondent.

PRESENT: NEWMAN, JACOBS, and CABRANES, Circuit Judges.

### SUMMARY ORDER

Lin Ru Dong petitions for review of the decision of the BIA's decision affirming an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ explained that Dong was unable to provide the name or address of the neighbor who allegedly wrote an affidavit supporting Dong's claim, which Dong received from her mother and submitted without reading. If the IJ or the government wonders whether testimony is fabricated, he or she may probe the applicant for additional details in order to draw out inconsistencies that would support an adverse credibility finding. *Jin Chen v. United States Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005). Even when Dong was told the neighbor's name, Dong did not recognize the name. Because the author of the affidavit was a neighbor who reportedly knew that Dong practiced Falun Gong and that police came to look for Dong at her home, the fact that Dong did not recognize the name could legitimately give rise to the conclusion that the affidavit was fabricated. The IJ also found that Dong's testimony was inconsistent regarding the date the arrest warrant was brought to her house.

Further, the IJ's findings that Dong testified inconsistently about the time when she was threatened with arrest in China and that she did not know the alleged neighbor who wrote an affidavit corroborating her claim constituted sufficient specific and cogent reasons to support an adverse credibility finding. The events leading up to Dong's flight from China were brief, and the fact that she could not remember time period in which the threat instigating her flight occurred is fatal to her case. *See, e.g., Zhou Yun Zhang v. United States I.N.S.,* 386 F.3d 66 (2d Cir. 2004) (finding that petitioner's inconsistency in recalling the time period in which his wife's sterilization occurred was fatal to his claim in light of the fact that the sterilization was the only alleged incident of persecution and that petitioner offered no other corroborating documentation by which the IJ could evaluate his credibility).

In addition, because Dong did not argue her CAT claim in her petition to this Court, the claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).